## CIRCUIT COURT OF FRANKLIN COUNTY

Commonwealth of Virginia

 v.

Keith Lamonte Hill

May 9, 2011

Case Nos. 10-05-3428 through 10-05-3431,
10-01-8260, 10-01-8261

By Judge William N. Alexander, II

On May 3, 2011, came the defendant, Keith Lamonte Hill, led to the bar in the custody of the jailer of this county, and came also, Carolyn H. Furrow, his attorney, previously appointed, appearing on defendant's Motion to Suppress. Timothy W. Allen represented the Commonwealth.

A Botetourt County sheriff's deputy placed a GPS tracking device on defendant's automobile in the City of Bedford while the automobile was parked, at night, on a Bedford City street. Defendant asks that all evidence obtained against him after the GPS was attached to his vehicle be excluded. Defendant contends the attachment of the GPS was a search and a seizure that violated both the Fourth Amendment of the Constitution of the United States and Article 10 of the Constitution of the Commonwealth of Virginia.

After hearing the evidence presented on this motion and arguments of counsel, based on the unique facts of this case, the Court finds defendant's privacy rights were not violated in that the officers involved had a reasonable, articulable suspicion that defendant had participated in two attempted burglaries in Botetourt County before the GPS was attached; prior to the attachment, the officers had determined that the vehicle was registered to the defendant; the vehicle was parked on a public street when the GPS was attached; the GPS was placed on the outside of the vehicle on the right rear passenger side on the underside of the frame; the attachment of the GPS required no holes or other damage to the vehicle; the officers had not gained access to the interior of the vehicle in any way; the GPS had its own power source and was not connected mechanically to the vehicle; there is no evidence the vehicle was tracked on any private property; and

the officers could have maintained surveillance of the vehicle and collected the same evidence obtained by the use of the GPS.

The Court finds that the placement of the GPS is neither a search nor seizure and does not violate either the United States Constitution or the Virginia Constitution. Accordingly the Motion to Suppress is denied.

After the Court denied defendant's Motion to Suppress, he moved for the dismissal of his court-appointed attorney and to waive his right to be represented by a lawyer and be allowed to serve as his own attorney on these charges.

The Court again fully advised the defendant of his right to be represented by a lawyer of his own choice and of his right to be represented by a lawyer appointed to represent him and finds that the defendant has been advised of the offenses the nature of the offenses and the potential punishment, of possible defenses and circumstances in mitigation thereof and that representation by a lawyer is in the defendant's best interest and of the dangers and disadvantages of self-representation.

The Court finds the defendant is well educated, having a B.A. degree, and that based on the particular facts and circumstances surrounding these cases, which include the background, education, experience, and conduct of the defendant, that the defendant understood the advice and waived his right to be represented by a lawyer knowingly and voluntarily, of his own free will, without any threats, promises, force, or undue influence. Therefore, the waiver of the right to be represented by a lawyer is hereby accepted.

The Court then advised defendant that his current court-appointed attorney would be appointed to serve as "stand-by counsel," and defendant declined the suggestion of the Court.

The Court orders that Carolyn H. Furrow is relieved of her duties to represent the defendant in any further proceedings,

The defendant and the Commonwealth agree that these cases are continued for additional motions on May 17, 2011, at 2:00 p.m. and for trial before the Court on May 31, 2011, at 11:00 a.m.

The Clerk of this Court shall mail or deliver certified copies of this Order to Carolyn H. Furrow, Esquire, to the defendant c/o Western Virginia Regional Jail, and to the attorney for the Commonwealth.